UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2006 SEP 27  AM 10: 34
LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| JOHN VINTURELLA | : | CIVIL ACTION NO. |
| VERSUS | : | SECTION |
| LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY/ LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY | : | MAGISTRATE |

06-6496

SECT. B MAG 3

### NOTICE OF REMOVAL BY LOUISIANA FARM BUREAU MUTUAL INSURANCE COMPANY AND LOUISIANA FARM BUREAU CASUALTY INSURANCE COMPANY

NOW INTO COURT, through undersigned counsel, come Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company, made defendants in these proceedings and give notice of the removal of this civil action from the Civil District Court, Parish of Orleans, State of Louisiana, to this Court, on the following bases:

**The Parties and the Related Actions**

1.

Plaintiff John Vinturella, a Louisiana citizen, filed this civil action on or about August 24, 2006 in the Civil District Court, Parish of Orleans, State of Louisiana, naming as defendants Louisiana Farm Bureau Mutual Insurance Company and/or Louisiana Farm Bureau Casualty Insurance Company. That state court proceeding bears Docket No. 2006-8340, Division J, in the Civil District Court. Pursuant to 28 U.S.C. §§1441(e) and 1446(a), Exhibit A attached to this Notice of Removal contains all pleadings filed of record in that state court proceeding, as of the time of this removal.

Fee 350.
✓ Process
X Dktd
___ CtRmDep
___ Doc. No

BR.465790.1

2.

Defendants Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company, Louisiana citizens, are also defendants in an action in the United States District Court entitled *Abadie, et al. v. Aegis Security Insurance Company, et al.*, Civil Action No. 06-5164, Section K, Magistrate 2, Eastern District of Louisiana, a civil action arising out of the same accident as this suit.

3.

This action and the *Abadie* federal court action arise from the same facts and circumstances, including a sudden accident or natural event culminating in an accident which resulted in the deaths at a discrete location of at least 75 natural persons due to the forces and effects of Hurricane Katrina, which made landfall in the states of Louisiana and Mississippi on August 29, 2005. The original state court petition in this action alleges that plaintiff's property was rendered a total loss by the force of winds spawned by the hurricane; that under La. R.S. 22:695(A) (Louisiana's Valued Policy Law, or VPL), the full face value of the property insurance policy issued to plaintiff by defendant should have been paid to him; that the defendant's adjuster determined that some of the loss was not covered; that only a part of the loss was reimbursed under the said insurance policy; and that the full amount of the issued policy plus penalties and attorney's fees should be awarded to the plaintiff in this action.

4.

As will be more fully seen by reference to the original complaint in the federal court case of *Abadie* (the thirty pages containing the substantive allegations in that suit are attached to this Notice of Removal as Exhibit B), the action in *Abadie* "could have been brought" under the provisions of 28 U.S.C. §1369 and, therefore, this removal is authorized under 28 U.S.C. §1441(e) because both *Abadie* and this case arise out of the same accident.

BR.465790.1

5.

This removal is timely under 28 U.S.C. §1441(e) because it is filed within thirty days after the date (August 28, 2006) on which Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company first became parties to *Abadie*.

**Basis for Federal Subject Matter Jurisdiction Over *Abadie***

6.

As more fully detailed in the following paragraphs, this Court has original subject matter jurisdiction over the pending action entitled *Abadie, et al. v. Aegis Security Insurance Company, et al., supra,* initially filed in this Court on August 28, 2006. The ground of subject matter jurisdiction stated in the original complaint by the group of plaintiffs is 28 U.S.C. §1332(d), the so-called Class Action Fairness Act, or CAFA. But the action could have been brought under 28 U.S.C. §1369 (the so-called Multiparty, Multiforum Trial Jurisdiction Act, or MMTJA) as well.

7.

In *Abadie*, the plaintiffs seek compensatory and punitive damages as well as declaratory relief. Among other items, they seek a declaratory judgment that some of the efficient proximate causes of their property damage were from water entering their property as a result of numerous breaches of the levee system in New Orleans "and elsewhere" as a result of wind and "storm surge"; that the levee breaches were perils not excluded by their policies; and that the water entering the city and the surrounding parishes from Hurricane Katrina due to levee breaches along the various canals "and elsewhere" did not fall within policy exclusions for "flood."

8.

Among the "common questions of law and fact" identified by the plaintiffs in *Abadie* to support certification of the class action which they seek is whether the efficient proximate causes of their losses as a result of water entering the city of New Orleans and its surrounding parishes

from levee breaches along the canals "and elsewhere" were standard covered perils under the insurance policies issued to them.

9.

Among the various theories of recovery invoked by the plaintiffs in *Abadie* are breach of contract, breach of an implied covenant of good faith and fair dealing, inappropriate insurance adjusting practices, breach of fiduciary duty and a violation of the Louisiana Valued Policy Law, La. R.S. 22:695(A).

10.

Federal subject matter jurisdiction exists under 28 U.S.C. §1369 over "any civil action involving minimal diversity between adverse parties that arises from a single accident, where at least 75 natural persons have died in the accident at a discrete location" if any one of three statutory criteria is met. Two of those criteria are clearly met in *Abadie*. Some of the defendants in *Abadie* reside in states different from the state where a "substantial part of the accident took place. And "any two defendants" reside in different states.

11.

"Minimal diversity" exists in *Abadie* under 28 U.S.C. §1369(c)(1) because the plaintiffs are Louisiana citizens and "any adverse party is a citizen of another state."

12.

An "accident" as defined in 28 U.S.C. §1369(c)(4) is a "sudden accident, or a natural event culminating in an accident, that results in death incurred at a discrete location by at least 75 natural persons." Both the Middle District and the Eastern District have already ruled in *Chehardy, et al. v. Louisiana Commissioner of Insurance, et al.*, Civil Action Nos. 06-1672, 06-1673, 06-1674 (Eastern District of Louisiana, following transfer from Middle District) that the levee breaches in New Orleans and the surrounding parishes caused by the forces of Hurricane

-4-

BR.465790.1

Katrina satisfy this statutory definition of "accident" and that there is original federal subject matter jurisdiction over a civil action arising out of such an accident. Judge Duval of the Eastern District recently ruled in remanding the unrelated case of *Flint v. Louisiana Farm Bureau Mutual Insurance Co.,* Civil Action No. 06-2546, Eastern District of Louisiana, that "Hurricane Katrina was the natural event that culminate[d] in the levee break that caused at least 75 deaths at a discrete location" and thus that jurisdiction under 28 U.S.C. §1369 "exists in *Chehardy* because the levee break is the requisite accident that caused the death of at least 75 natural persons at a discrete location." The allegations in *Abadie* involve the very same levee breaches that were deemed in *Chehardy* to satisfy the jurisdictional requirement of 28 U.S.C. §1369.

13.

There is no basis under 28 U.S.C. §1369(b) for mandatory abstention with respect to *Abadie*. The primary defendants are not all citizens of Louisiana.

### Basis for Removal of This Case and Exercise of Supplemental Subject Matter Jurisdiction Over It

14.

As outlined in the preceding paragraphs, Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company became parties in *Abadie* when it was filed in the Eastern District on August 28, 2006 and there is federal original subject matter jurisdiction over *Abadie* under 28 U.S.C. §1369, in whole or in part.

15.

This removed action arises from the same accident as does *Abadie*, and accordingly this Court has supplemental subject matter jurisdiction under 28 U.S.C. §1441(e)(1) (another part of the MMTJA) and the defendant has a right under that provision to remove the case. In pertinent part, that provision reads:

BR.465790.1

> Notwithstanding the provisions of subsection (b) of this section, a defendant in a civil action in a State court may remove the action to the district court of the United States for the district and division embracing the place where the action is pending if—
>
> * * *
>
> (B) the defendant is a party to an action which is or could have been brought in whole or in part, under section 1369 in a United States district court and arises from the same accident as the action in State court, even if the action to be removed could not have been brought in a district court as an original matter.
>
> The removal of an action under this subsection shall be made in accordance with section 1446 of this title, except that a notice of removal may also be filed before trial of the action in State court within 30 days after the date on which the defendant first becomes a party to an action under section 1369 in a United States district court that arises from the same accident as the action in State court, or at a later time with leave of the district court.

16.

Neither the jurisdictional requirements of 28 U.S.C. §1369 nor its abstention provisions apply to a case removed under 28 U.S.C. §1441(e)(1), according to the opinion in *Wallace v. Louisiana Citizens Property Insurance Corporation*, 444 F.3d 697 (5th Cir. 2006).

17.

One of the primary objectives of the MMTJA was to "ameliorate the restrictions on the exercise of federal jurisdiction that ultimately forced parties in multiple suits arising from the same disaster to litigate in several fora" and to identify a federal forum in which claims arising from the same "accident" as defined could be aggregated for efficient resolution. *See Wallace, supra; Passa v. Derderian*, 308 F.Supp.2d 43 (D.R.I. 2004).

18.

Aggregation of the claims made in the removed action with the claims made in *Abadie* is especially appropriate because both actions rest in part on the same facts (wind forces and levee breaches in New Orleans and the surrounding parishes) implicating the same legal issues

(insurance coverage disputes over "wind versus water" causation) and invoking the same legal theories (the Louisiana Valued Policy Law, breach of good faith and fair dealing, breach of contract and inappropriate adjusting procedures).

19.

The fact that Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company are Louisiana citizens and that this action was initiated in a Louisiana state court is not a bar to removal. The prohibition against removal of an action by a forum-state defendant is contained in 28 U.S.C. §1441(b), and 28 U.S.C. §1441(e)(1) specifically exempts a removal such as this one from that requirement by the introductory clause, "[n]otwithstanding the provisions of subsection (b) of this section." For the same reason, the concurrence of the other defendants in this removal is not required.

20.

The fact that the plaintiffs in this removed action, Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company are all Louisiana citizens is also not a bar to removal. The Court's subject matter jurisdiction over this removed action is the special supplemental jurisdiction granted under 28 U.S.C. §1441(e)(1), which exists even over an action such as this one which "could not have been brought in a district court as an original matter" when the Court is exercising original jurisdiction over a case such as *Abadie* which "could have been brought under" 28 U.S.C. §1369. *See Wallace, supra.*

**Additional Allegations**

21.

Promptly after the filing of this Notice of Removal, Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company will cause a true

and correct copy of it to be filed with the Clerk of Court for the Civil District Court, Parish of Orleans, State of Louisiana.

22.

By the filing of this Notice of Removal, Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company do not intend to waive any defenses available to them in this Court or in the state courts of Louisiana.

WHEREFORE, Louisiana Farm Bureau Mutual Insurance Company and Louisiana Farm Bureau Casualty Insurance Company hereby remove this case to this Court and request that this Court assume full jurisdiction over all of the claims made in this civil action.

Respectfully submitted,

Andrew L. Plauche, Jr. (Bar No. 11023)
Plauche, Maselli & Parkerson
201 St. Charles Ave., Suite 4240
New Orleans, Louisiana 70170-4240
Telephone: (504) 582-1142
Telecopier: (504) 582-1172

**And**

By: /s/ H. Alston Johnson III
H. Alston Johnson III (Bar No. 7293)
PHELPS DUNBAR LLP
445 North Blvd., Suite 701, 70802
Post Office Box 4412
Baton Rouge, Louisiana 70821
Telephone: (225) 346-0285
Telecopier: (225) 381-9197

ATTORNEYS FOR LOUISIANA FARM
BUREAU MUTUAL INSURANCE COMPANY
AND LOUISIANA FARM BUREAU CASUALTY
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served on the below listed counsel of record

Roy F Amedee, Jr.
228 St. Charles Ave., Suite 801
New Orleans, LA  70130

Michael Hingle
Ronald J. Favre
Paul Hesse
220 Gause Blvd.
Slidell, LA  70458

Allan Berger
4173 Canal St.
New Orleans, LA  70119

William P. Connick
2551 Metairie Rd.
Metairie, LA  70005

Bruce L. Feingerts
365 Canal St., Suite 2700
New Orleans, LA  70130

Patrick G. Kehoe, Jr.
833 Baronne St.
New Orleans, LA  70113

Terrence J. Lestelle
Andrea S. Lestelle
Jeffery B. Struckhoff
3421 N. Causeway Blvd., Ste. 602
Metairie, LA  70002

J. Van Robichaux, Jr.
71234 Hendry Ave.
Covington, LA  70433

Randy J. Ungar
365 Canal St., Suite 2520
New Orleans, LA  70130

by First Class, United States Mail, properly addressed and postage prepaid, this _27_ day of _September_, 2006.

_Alston Johnson_